UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 16-174-DLB

KING TAYLOR                                                          PLAINTIFF

VS.                  **MEMORANDUM OPINION AND ORDER**

MICHAEL LUSARDI                                         DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Defendant Michael Lusardi's Motion to Dismiss Plaintiff's civil-rights complaint for failure to state a claim upon which relief can be granted. (Doc. # 11). In response, Plaintiff King Taylor filed a Motion to Amend his Complaint to address the asserted deficiency in his pleading. (Docs. # 13 & 14). The Defendant opposes the Motion to Amend, arguing that an amendment would be futile because the proposed Amended Complaint (Doc. # 13-2), like the Original Complaint, fails to adequately allege that the charge against him was dismissed in a manner reflective of his innocence. (Docs. # 15 & 16). The Defendant's Motion to Dismiss and the Plaintiff's Motion to Amend his Complaint are fully briefed and ripe for review.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In April 2015, Lusardi, an officer with the Covington Police Department, along with other officers, stopped Taylor when he was sitting in his car, parked in his uncle's driveway.[1] (Doc. # 1 at ¶¶ 7-8). A routine check revealed no outstanding warrants for

---

[1]     Although the Complaint alleges that this traffic stop occurred in April 2014 (Doc. # 1 at ¶ 7), when the Complaint is read as a whole, it is evident that the traffic stop occurred in April 2015.

1

Taylor, but Officer Lusardi indicated that he was going to use his K-9 to search Taylor's car for narcotics. *Id.* at ¶¶ 9-10. Taylor protested. *Id.* at ¶ 11. Taylor alleges that he calmly asserted his objections, but that Officer Lusardi arrested him for disorderly conduct and allegedly used excessive force to execute that arrest. *Id.* at ¶¶ 13-14. Ultimately, no drugs were found in Taylor's car. *Id.* at ¶ 12. Taylor was then taken to the Kenton County Detention Center, where he stayed for 12 hours before he was released on an unsecured bond. *Id.* at ¶ 16. On September 29, 2015, approximately five months later, the disorderly-conduct charge was formally dismissed. *Id.* at ¶ 19.

Taylor filed the instant civil-rights complaint pursuant to 42 U.S.C. § 1983 on September 23, 2016.[2] (Doc. # 1). Taylor alleges that the disorderly-conduct charge was initiated without probable cause based upon Officer Lusardi's "lies and false statements." (Doc. # 1 at ¶ 18). As a result, Taylor claims that the disorderly-conduct charge was dismissed "in his favor and without exchange for guilty plea on any other charge." *Id.* at ¶ 22. The Complaint sets forth two claims: (1) malicious prosecution in violation of the Fourteenth Amendment and (2) malicious prosecution under Kentucky common law. *Id.* at ¶¶ 24-29. As recompense, Taylor seeks compensatory and punitive damages.

---

*See id.* at ¶ 22 ("On or about September 29, 2015, almost five and a half months after the charge was initiated…").

[2]  While no attorney filed a notice of appearance on behalf of Taylor in this case, his Complaint was drafted by an attorney, apparently in an effort to help Taylor avoid a fast-approaching statute-of-limitations deadline. (Doc. # 1-1). Accordingly, it is unclear whether Plaintiff's Complaint should be liberally construed. *Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008) ("When determining whether to dismiss a *pro se* complaint, these complaints are held to a less stringent standard than formal pleadings drafted by lawyers."). Whether truly *pro se* or not, however, the Complaint still must satisfy the requirement that it "plausibly suggest entitlement to relief." *Lattanzio v. Ackerman*, No. 09-cv-13-JMH, 2010 WL 1610459, at * 2 (E.D. Ky. Apr. 20, 2010) (citing *Garrett v. Belmon Cty. Sheriff's Dep't*, 374 F. App'x 612 (6th Cir. 2010)).

Officer Lusardi responded to the Complaint by filing a Motion to Dismiss. (Doc. # 11). Specifically, Officer Lusardi argues that dismissal of Plaintiff's federal-law and state-law malicious prosecution claims is warranted because the Complaint fails to adequately allege that the disorderly-conduct charge was dropped "for reasons reflecting on the merits" of the charge as required to state a claim for malicious prosecution under Kentucky law.[3] (Doc. # 11-1 at 2-3).

Taylor opposes Officer Lusardi's Motion to Dismiss and seeks permission to file an Amended Complaint to address the asserted deficiency in his pleading. (Docs. # 13 & 14). The proposed amendment to the Complaint is limited to one paragraph, which states:

> Plaintiff was innocent of the charge of Disorderly Conduct brought against him by Defendant, and during the course of the criminal proceeding Plaintiff took no action, nor made any statement to diminish his innocence. Plaintiff did not opt for diversion, nor plead to any lesser charges.

(Doc. # 13-2 at 4). In his Reply, Officer Lusardi claims that the amendment should be denied as futile because Taylor's new allegations speak only to his belief regarding the merit of the charges, not to the basis for the trial court's or prosecutor's decision to dismiss the charges upon a conclusion that Taylor was innocent of them. (Doc. # 14 at 2-3).

## II. ANALYSIS

### A. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

---

[3] Officer Lusardi also asserts that Taylor's claim for malicious prosecution under Kentucky common law is directed against "the City," presumably the City of Covington. (Doc. # 11-1 at 4). This is incorrect: Officer Lusardi was sued in his individual capacity, and is the only defendant in this action; thus, the Complaint asserts this claim against him alone.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Put another way, "the plaintiff must allege facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." *Wesley v. Campbell*, 779 F.3d 421, 427 (6th Cir. 2015) (quoting *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although "plaintiffs need not meet a 'probability requirement' … they must show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Wesley*, 779 F.3d at 427-28 (quoting *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011)). "In ruling on the issue, a district court must 'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Id.* at 428 (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). After all, the "defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Id.*

### B. Malicious-Prosecution Claims

The Sixth Circuit recognizes a "'constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.'"[4] *Sykes v. Anderson*, 625 F.3d 294, 308 (6th

---

[4] As a preliminary matter, the Court notes that Taylor's Complaint alleges that Officer Lusardi's actions violated the Fourteenth Amendment, not the Fourth Amendment. (Doc. # 1 at ¶ 24) ("Such conduct constitutes an unconstitutional malicious prosecution of Plaintiff in violation of his rights as secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.").

"Prior to 1994, [the Sixth Circuit] recognized a § 1983 claim for malicious prosecution under the Substantive Due Process Clause of the Fourteenth Amendment." *King v. Harwood*, 852 F.3d 568, 580 n.4 (6th Cir. 2017). After the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266 (1994), that analysis changed. Now, a malicious-prosecution claim can "be brought only under the Fourth Amendment and not under the Substantive Due Process Clause of the Fourteenth Amendment." *Id.*

Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006)). "To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove" four elements. *Id*. "First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant 'made, influenced, or participated in the decision to prosecute." *Id*. (internal citations omitted). "Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution." *Id*. "Third, the plaintiff must show that as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure." *Id*. at 308-09 (internal citations omitted). And "[f]ourth, the criminal proceeding must have been resolved in the plaintiff's favor." *Id*. at 309.

Under Kentucky law, a plaintiff must allege similar, and additional, elements to state a claim for common-law malicious prosecution: (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance, of the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in the institution of such proceeding; (5) a lack of probable cause for the proceeding; and (6) damages. *Garcia v. Whitaker*, 400 S.W.3d 270 (Ky. 2013).

Only one element—favorable termination of the criminal proceeding in Taylor's favor—is at issue here. "The determination of whether a termination is sufficiently favorable ultimately rests with the trial court as a matter of law, absent a factual dispute

---

Despite its incorrect reliance on the Fourth Amendment, the Complaint makes passing reference to the Fourth Amendment in earlier sections. (Doc. # 1 at ¶¶ 1, 3). Accordingly, the Court will analyze Taylor's malicious-prosecution claim under the Fourth Amendment.

5

relative to the circumstances of the dismissal." *Ohnemus v. Thompson*, 594 F. App'x 864, 866 (6th Cir. 2014) (citing *Davidson v. Castner-Knott Dry Goods Co., Inc.*, 202 S.W.3d 597, 606 (Ky. Ct. App. 2006)).

Both the Sixth Circuit and Kentucky courts have looked to the Restatement (Second) of Torts § 660 for guidance on whether a proceeding was terminated in the accused's favor. According to that section of the Restatement, "proceedings are 'terminated in favor of the accused' … only when their final disposition is such as to indicate the innocence of the accused." Restatement (Second) of Torts § 660. Put another way, the termination of the proceedings "must go to the merits of the accused's professed innocence for the dismissal to be 'favorable' to him." *Ohnemus*, 594 F. App'x at 867. Thus, a plaintiff can satisfy the favorable-termination element when the dismissal is "one-sided" and "not the result of any settlement or compromise." *Id.* (citing *Feinberg v. Townsend*, 107 S.W.3d 910, 912 (Ky. Ct. App. 2003)). If the dismissal is "not the unilateral act of the prosecutor" and the accused sacrifices "something to secure dismissal of the charges," the termination of the proceedings is not favorable to the accused. *Id.* at 867 (citing *Broaddus v. Campbell*, 911 S.W.2d 281, 284 (Ky. Ct. App. 1995)).

On that point, Taylor's Original Complaint alleges only that the disorderly-conduct charge was dismissed without him pleading guilty to disorderly conduct or any other charge. (Doc. # 1 at ¶ 22). But stating a viable malicious-prosecution claim requires more. The Plaintiff must affirmatively allege that the charges against him were dismissed with an indication of his innocence, and not because of a compromise, whether in the form of a guilty plea, pre-trial diversion, restitution, or otherwise. Therefore, Taylor's

6

Original Complaint lacks sufficient factual allegations to plead a plausible malicious-prosecution claim under § 1983 or Kentucky common law. *See, e.g.*, *Ohnemus*, 594 F. App'x at 867 (affirming dismissal of malicious-prosecution claim where the dismissal of the criminal charge was the result of a mutual agreement where the plaintiff paid restitution); *Evridge v. Rice*, No. 3:11-cv-40-DCR, 2011 WL 6014407, at *5 (E.D. Ky. Dec. 2, 2011) (dismissing malicious-prosecution claim where plaintiff participated in an informal pre-trial diversion program); *Cherry v. Howie*, 191 F. Supp. 3d 707, 715 (W.D. Ky. 2016) (finding favorable-termination requirement was not satisfied where plaintiff agreed resign from City Council and refrain from running for political office in exchange for the dismissal of the charges with prejudice).

Taylor's proposed Amended Complaint, however, cures that deficiency. Specifically, Taylor proposes adding the following language to his Complaint:

> Plaintiff was innocent of the charge of Disorderly Conduct brought against him by Defendant, and during the course of the criminal proceeding Plaintiff took no action, nor made any statement to diminish his innocence. Plaintiff did not opt for diversion, nor plead to any lesser charges.

(Doc. # 13-2 at 4). Such an amendment is not an exercise in futility, as the Defendant suggests. Rather, those allegations affirmatively allege Taylor's innocence and explicitly state that the dismissal of the disorderly-conduct was not the result of any compromise. At this stage, where the Court must construe the proposed Amended Complaint in the light most favorable to Taylor, accept its allegations as true, and draw all reasonable inferences in his favor, those allegations are sufficient to state malicious-prosecution claims under § 1983 and Kentucky common law.

The Court does not foreclose the possibility that the Defendant may ultimately prove that the dismissal of the disorderly-conduct charge was the result of a compromise,

7

a procedural technicality, the exercise of prosecutorial discretion, or some other method of dismissal which is not indicative of Taylor's innocence, which would likely prove fatal to Taylor's malicious-prosecution claims. Dismissal on that basis today, however, would be premature.

III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Plaintiff King Taylor's Motion to Amend his Complaint (Doc. # 13) is **granted** and the Clerk of the Court shall **file** Taylor's proposed Amended Complaint (Doc. # 13-2) into the record as his First Amended Complaint;

(2) Defendant Michael Lusardi's Motion to Dismiss the Complaint (Doc. # 11) is **denied**;

(3) The referral of this matter to the Pro Se Law Office is hereby **rescinded**;

(4) This matter is hereby **referred** to Magistrate Judge Candace J. Smith, pursuant to 28 U.S.C. § 636(b), including the preparation of a report and recommendation on any dispositive motions; and

(5) In connection with such reference, the said Magistrate Judge is authorized to conduct all pretrial and status conferences, to hold all hearings as may be required, and to rule on non-dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A). *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir. 1985). Motions *in limine* will be referred by the Clerk of this Court to the undersigned. Subject to other provisions of law, the final pretrial conference and trial will also be before the undersigned, unless the parties consent to trial by a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

This 26th day of February, 2018.



K:\DATA\Opinions\Covington\2016\16-174 Taylor v Lusardi MOO.docx