UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 16-174-DLB-CJS

KING TAYLOR                                                                                            PLAINTIFF

v.                                    ORDER and
                          REPORT AND RECOMMENDATION

MICHAEL LUSARDI                                                                                  DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Michael Lusardi's Motion for Sanctions (R. 54), which has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), (R. 17). Citing Federal Rule of Civil Procedure 37(b), Lusardi argues that Plaintiff King Taylor has failed to respond to discovery requests and, as a sanction, should have his case dismissed, be held in contempt of court, and be ordered to pay attorney fees and costs. (R. 54). Taylor filed a "Motion to File and or Extend Evidence," (R. 55), which the Court construes as his Response to Defendant's Motion. In it, he recounts various unfortunate personal circumstances around the time that his discovery requests were due. (*Id.*). Lusardi has responded to Taylor's Motion to File and or Extend Evidence, which filing the Court will treat as Lusardi's Reply in furtherance of his Motion for Sanctions. (R. 57). Lastly, Taylor has filed a "Motion to Extend Discovery [R]equest[s] and or Interrogatories Production," in which he asks for additional time to respond to discovery requests in addition to having them provided again, this time to a post office box. (R. 59).

1

For the reasons set forth below, the undersigned will **recommend** that the Motion for Sanctions **be granted in part** and **denied in part,** that Taylor's motion for additional time to respond to discovery requests **be denied**, and that this matter **be dismissed** and **stricken** from the active docket of the Court.

## I.     PROCEDURAL BACKGROUND

Taylor filed this civil-rights lawsuit in September 2016 under 42 U.S.C. § 1983.  (R. 1). As amended, his Complaint alleges federal and state malicious-prosecution claims against Lusardi, a police officer with the Covington Police Department.  (R. 19).  After Taylor's Complaint survived Lusardi's Motion to Dismiss for failure to state a claim (*see* R. 11; R. 17), an initial status conference was set for June 5, 2018, before the Court (R. 25).

At the status conference, Lusardi asserted that he mailed discovery requests to Taylor, but Taylor said that he never received them.  (R. 28).  The Court ordered Lusardi to mail another copy. (*Id.*).  Additionally, Taylor asked the Court to expedite discovery, stating that he would be able to respond to Lusardi's initial discovery requests within fourteen days of receipt.  (*Id.*).  The Court imposed a discovery deadline of July 31, 2018, but cautioned Taylor that he would need to be prompt in responding to discovery requests in order to progress the case quickly.  (*Id.*).

On July 16, 2018, Lusardi moved to compel Taylor to respond to discovery requests.  (R. 30).  Taylor asserted, however, that he never received the requests.  (R. 31; R. 32).  This issue was resolved after the Court determined that Lusardi mailed the requests to the wrong address.  (R. 41, Page ID 191).  Accordingly, the Court ordered Lusardi to send the requests to the correct address by November 16, 2018, Taylor to respond to the requests within thirty days, and discovery to be completed by February 29, 2019.  (*Id.* at Page ID 192).

Unfortunately, discovery did not proceed as planned. On November 30, 2018, Taylor moved for additional time to respond to discovery, citing an "ongoing conspiracy between the Covington Police Department and the City of Covington and other government and city officials." (R. 44, Page ID 197). As evidence, Taylor asserted that he was arrested the previous month at a Popeyes Chicken in Covington, Kentucky, on disorderly-conduct, menacing, and possession-of-a-concealed-weapon charges, even though he was merely standing in line at the restaurant with a legally carried firearm. (*Id.* at Page ID 198-99). He stated that because he was under home incarceration from this incident, he would not be permitted "time to go to [the] public library to retrieve all documentation for the interrogatory proc[]ess." (*Id.* at Page ID 198). Lusardi filed a response stating that he would agree to an extension permitting Taylor to respond to the discovery requests by January 1, 2019. (R. 45).

On January 14, 2019, Lusardi filed another Motion to Compel discovery responses, asserting that he served discovery requests on Taylor at the correct address on November 13, 2018, and Taylor had still not responded. (R. 47, Page ID 481). He moved for an order compelling Taylor to respond to the requests, the Court to award attorney fees, and for an extension of discovery deadlines. (*Id.* at Page ID 482-83).

On March 29, 2019, the Court entered an Order addressing the parties' motions. (R. 51). As to Taylor's assertion that he was unable to go to the library because of his home incarceration, the Court noted that if Taylor did not have someone to make copies of the discovery responses for him, he could "mail the documents to the Clerk's Office with a return envelope, and the Clerk's Office will make a copy and return both sets to [him]." (*Id.* at Page ID 547). As to Lusardi, the Court granted his Motion to Compel, <u>ordering</u> Taylor to respond to the discovery requests by April 29, 2019. (*Id.* at 547-58). The Court declined to award Lusardi attorney fees but warned Taylor

3

that he was "on notice that if he should again fail to respond to Defendant's discovery requests by the new deadline set by the Court, he may be ordered to pay such costs." (*Id.* at Page ID 548). Lastly, the Court extended the discovery deadline to July 1, 2019. (*Id.* at Page ID 547).

On May 1, 2019, Lusardi filed the instant motion seeking dismissal of Taylor's lawsuit under Civil Rule 37(b) because Taylor has still not provided his discovery responses. (R. 54). In his construed response (R. 55), Taylor recounts various unfortunate personal circumstances, discussed below, around the time that his discovery requests were due. Lusardi replies that none of the cited personal circumstances appear to have any bearing on Taylor's ability to respond to discovery requests and maintains that the case should be dismissed. (R. 57).

## II.  ANALYSIS

Civil Rule 37(b)(2)(A) provides for sanctions, including dismissal, where a party has failed "to obey an order to provide or permit discovery." In determining whether dismissal is proper under Rule 37(b)(2), four factors are considered:

> "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

*United States v. Reyes,* 307 F.3d 451, 458 (6th Cir. 2002) (quoting *Knoll v. Am. Tel. & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Mager v. Wisconsin Cent. Ltd.,* 924 F.3d 831, 837 (6th Cir. 2019). And Taylor's pro se status does not alter the Court's analysis. While a pro se party's pleadings are treated more liberally than those filed by an attorney, "there is no basis for treating that party more generously than a represented litigant" where a pro

se party "fails to comply with an easily understood court-imposed deadline." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Consideration of the four factors here reveals that dismissal is appropriate. First, the record demonstrates that Taylor's conduct has been contumacious. Taylor's discovery responses have been due many months, this Court has twice ordered him to provide the responses, and he has not met his "burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); (*see also* R. 41, Page ID 192 (requiring discovery responses within thirty days)); (R. 47-1 (affidavit of defense counsel stating that discovery requests were provided in November 2018)); (R. 51). When Taylor first sought an extension of time to respond to discovery because he could not go to the library to make copies (R. 44), this court permitted him to solicit the Clerk's Office to make the copies for him (R. 51). Still, Taylor has not explained why he could not take advantage of this solution.

In his response to the Motion for Sanctions, Taylor cites various unfortunate personal circumstances that he alleges have occurred since his discovery requests became due, including: (1) he injured his right forearm at work; (2) he was evicted from his housing and had to put his personal belongings in storage and move in with his uncle; (3) he was arrested on contempt of court and jailed from March 14, 2019, to April 2, 2019; and (4) he was assaulted in jail, resulting in a broken jaw. (R. 55, Page ID 568).[1] Aside from the short time period that Taylor was jailed,

---

[1] Taylor appears to ask the Court to consider various documents, e.g., medical records, unrelated state court case records, and a water bill, attached to his construed Response in support of his position that he has experienced various hardships during the discovery period. (R. 55). He likely asks permission to submit these documents because this Court advised him in a prior Order that it was inappropriate for him to file documents supporting the substance of his claims during the discovery period. (*See* R. 51, Page ID 548-49). Given that the documents attached to Taylor's construed Response purport to relate to the pending Motion for Sanctions, the Court has considered them in its Report and Recommendation.

during which the Court will assume that he was unable to respond to discovery, Taylor does not specify how any of the other circumstances prevented him from complying with the Court's deadlines. For example, Taylor has not shown that his injuries from work or the jail assault prevented him from physically being able to respond to discovery. (*See id.*, Page ID 590 (medical record Taylor provided indicating that he was seen at the emergency room on February 28, 2019, presumably for the work injury, and could return to work on March 4, 2019)).

Moreover and particularly frustrating, it appears that at least a portion of what Lusardi seeks in his discovery requests (R. 47-2, Page ID 496), documents from the state court criminal case underlying Taylor's malicious-prosecution claims, is readily available to Taylor because he has attached some of the documents to his filings before this Court. (*See* R. 46-1, Page ID 288-306). Taylor has offered no reason why he cannot provide these and other discovery requests to Lusardi. Accordingly, the Court concludes that Taylor's failure to comply with the Court's Orders requiring discovery responses has been willful.

Second, Lusardi has been prejudiced because he has been prevented "from obtaining evidence essential to the preparation of [his] defense." *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013). Moreover, he has expended time, money, and effort in pursuing discovery that Taylor is legally obligated to provide. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008); (*see* R. 47 (Lusardi's Motion to Compel)).

Third, although the Court did not explicitly warn Taylor that his case could be dismissed for continuing to fail to respond to discovery, it did caution him in its March 29, 2019 Order that he could be ordered to pay attorney fees if he again failed to respond by the ordered deadline. (R. 51, Page ID 548). Thus, Taylor was apprised that his failure to timely comply could have consequences. *See Universal Health Grp.,* 703 F.3d at 956 (concluding that this factor was met

6

despite no "explicit warning of dismissal" where district court imposed intermediate sanction short of dismissal and thus "plaintiff was on clear notice that continued abuses could cause that result").

And as to the fourth factor, Taylor's actions, or rather the lack thereof, support the conclusion that no lesser sanctions would be effective. As discussed above, Taylor has failed to provide responses to Lusardi's discovery requests contrary to this Court's specific Orders. (*See* R. 41; R. 51). Moreover, the Court imposed other means to compel compliance with Lusardi's discovery requests when the Court extended his time to respond to discovery in its March 29, 2019 Order. (R. 51).

Accordingly, dismissal of Taylor's case under Rule 37(b)(2) for his failure to participate in discovery and to comply with the Court's Orders is warranted. However, Lusardi's requests that Taylor be held in contempt of court and be ordered to pay attorney fees and costs would be unjust under the circumstances given Taylor's pro se status, the procedural stage of the case, and that the sanction of dismissal is being recommended. *See* Fed. R. Civ. P. 37(b)(2)(C).

**III.    CONCLUSION, ORDER, AND RECOMMENDATION**

For the reasons stated herein, **IT IS ORDERED** that:

1)    Taylor's "Motion to File and or Extend Evidence" (R. 55) is hereby construed as his Response to Lusardi's Motion for Sanctions (R. 54); and

2)    The Clerk shall change the docket to designate Taylor's "Motion to File and or Extend Evidence" (R. 55) as Taylor's Response to Lusardi's Motion for Sanctions (R. 54).

For the reasons stated herein, **IT IS RECOMMENDED** that:

1)    Lusardi's Motion for Sanctions (R. 54) **BE GRANTED IN PART** to the extent that this matter should be dismissed, and **BE DENIED IN PART** to the extent that he seeks monetary sanctions and to hold Taylor in contempt of court; and

7

2) Taylor's "Motion to Extend Discovery [R]equest[s] and or Interrogatories Production" (R. 59) **BE DENIED**; and

3) this action **BE STRICKEN** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 8th day of July, 2019.



Signed By:
**Candace J. Smith**
United States Magistrate Judge

J:\DATA\Orders\civil cov\2016\16-174-DLB R&R on Motion for Sanctions.docx