**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

CIVIL ACTION NO. 16-174-DLB-CJS

KING S. TAYLOR                                                                                          PLAINTIFF

v.                **ORDER ADOPTING REPORT AND RECOMMENDATION**

MICHAEL LUSARDI                                                                                  DEFENDANT

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court on Defendant Michael Lusardi's Motion for Sanctions. (Doc. # 54). Consistent with local practice, this matter was referred to United States Magistrate Judge Candace J. Smith for the purpose of reviewing the Motion, holding any necessary hearings, and preparing a Report and Recommendation ("R&R"). During the pendency of the Motion for Sanctions, Plaintiff King Taylor filed a Motion to Extend Discovery Request and or Interrogatories Production (Doc. # 59), which Judge Smith also addressed in her R&R. On July 8, 2019, Judge Smith issued her R&R wherein she recommends that Lusardi's Motion for Sanctions be granted in part and denied in part, Taylor's Motion to Extend Discovery Request and or Interrogatories Production be denied, and the case be finally dismissed and stricken from the Court's active docket. (Doc. # 62). Taylor initially appealed the R&R. (Doc. # 63). The appeal was dismissed, however, because the R&R was not an appealable order. (Doc. # 65). Taylor then filed Objections to the R&R, (Doc. # 67), and Defendant Lusardi filed a Response to Plaintiff's Objections, (Doc. # 68). The matter is now ripe for the Court's review. For the reasons

set forth herein, Plaintiff's Objections to the R&R (Doc. # 67) are **overruled**, the R&R (Doc. # 62) is **adopted** as the findings of fact and conclusion of law of the Court, and this matter is **dismissed**.[1]

I.  STANDARD OF REVIEW

Within fourteen days of the filing of a magistrate judge's R&R, any party may file written objections to it; the district judge must then review de novo the objected-to portions of the R&R. 28 U.S.C. § 636(c). "A judge of the court may [then] accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Objections to a magistrate judge's R&R must be "specific," FED. R. CIV. P. 72(b)(1), as the purpose of the objections is to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Therefore, vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issue of contention, does not satisfy the requirements that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Objections that merely disagree with the magistrate judge's conclusion or repeat arguments considered by the magistrate judge are similarly improper. *United States v. Bowers*, No. 0:06-cv-7-DLB-REW, 2017 WL 6606860, at *1 (E.D. Ky. Dec. 26, 2017); *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017). Finally, when objections

---

[1] In the interest of judicial efficiency, the Court herein incorporates the Procedural Background section of the R&R. (Doc. # 62 at 2–4).

are so unclear that "even the most perspicacious judge [would have] to guess at its meaning . . . the district court judge should not be forced to waste time interpreting such requests." *Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

While "[t]hese rules are tempered by the principle that *pro se* pleadings are to be liberally construed . . . a *pro se* litigant must still comply with the procedural rules of the court." *Ashenhust v. Ameriquest Mortg. Co.*, No. 07-13352, 2007 WL 2901416, at *1 (E.D. Mich. Oct. 3, 2007) (citing *McNeill v. United States*, 508 U.S. 106, 113 (1993)).

## II. PLAINTIFF'S OBJECTIONS

While cryptic and difficult to follow, Plaintiff seems to raise two objections to the R&R, both of which are improper and must be overruled.

### A. Objection 1

First Plaintiff appears to object to Judge Smith's finding that his noncompliance with the discovery requests was willful. (Doc. # 67) ("Mr. King S. Taylor would like to object [sic] Mr. Taylor not attempting to comply with Interrogatories Production in timely order."). He points to two issues in apparent support of this objection. First, he references the "malicious prosecution" stemming from his arrest by Covington Police on October 5, 2018 which caused "major delays" in his ability to respond to the discovery requests. *Id.* Taylor's request is vague and fails to specify why an incident on October 5, 2018 prevented him from ever responding to the discovery requests, even after the Court offered accommodations to help him respond to the requests while under home incarceration. (Doc. # 62 at 3) (noting that Defendant was given the opportunity to have the Clerk's Office make necessary copies for him when he could not go to the library because of home confinement stemming from the October 2018 arrest).

3

Additionally, he seems to suggest that his noncompliance was not willful due to a problem with a "signature block." (Doc. # 67). His assertion, however, lacks specificity and substance; in effect, the argument is incomprehensible. It is unclear from Taylor's filing what the problem with the "signature block" was and how this alleged issue prevented him from responding to months-old discovery requests, despite Orders from the Court to do so. *See* (Doc. # 62 at 2–4) (laying out the procedural background of the discovery requests at issue). Perhaps Taylor is referring to the fact that Defendant's discovery requests were initially sent to the wrong address. *Id*. at 2. This issue appears to have been quickly resolved, however, *id.*, yet Taylor fails to explain why he was unable to respond to the requests once they were sent to the proper address. (Doc. # 67). As Taylor's first objection is vague, and at times incomprehensible, it must be **overruled** as improper. *Cole v. Yukins*, 7 F. App'x 354, 356; *Howard*, 932 F.2d at 509.

Even if the objection was proper, the Court finds that it must be overruled. As explained by Judge Smith, Taylor has failed to "specify how any of the of [unfortunate] circumstances [he cites] prevented him from complying with the Court's deadlines." (Doc. # 62 at 6). The multiple efforts to avoid complying with the Court's Orders, despite the fact that Taylor appears to be in possession of some of the relevant documents, *see id.*, indicates to the Court that Taylor's noncompliance is willful and that dismissal of this action is appropriate as explained by Judge Smith. *Id.* at 5–7. Thus, Taylor's first objection is **overruled** on the merits as well.

B.   **Objection 2**

Taylor also objects to "civil sanctions of Attorneys Fees reimbursement and or contempt of court on behalf of the defendant." (Doc. # 67). However, Judge Smith did

4

not recommend such sanctions in the R&R. (Doc. # 62 at 7). Thus, Taylor's objection is not specific to Judge Smith's R&R and must be **overruled** as improper. FED. R. CIV. P. 72(b)(1).

### C. Final Request

In closing, Taylor makes an unclear request asking the District to "establish order and proceeding over this matter" or forward the case to the Sixth Circuit. This comment, as well as Taylor's premature filing of a Notice of Appeal (Doc. # 63), indicates a lack of understanding of the appeal process. Should Taylor wish to appeal the dismissal of this action, he must file a Notice of Appeal with the Clerk of Court of the Eastern District of Kentucky within thirty (30) days of the entry of this Order and corresponding Judgment. FED. R. APP. P. 4(1)(1).

## III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. # 67) are **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 62) is **ADOPTED** as the findings of fact and conclusions of law of this Court;

(3) The Defendant's Motion for Sanctions (Doc. # 54) is **GRANTED IN PART AND DENIED IN PART**;

(4) The Plaintiff's Motion to Extend Discovery Request and or Interrogatories Production (Doc. # 59) is **DENIED**;

(5) This matter be and is hereby **DISMISSED AND STRICKEN** from the Court's active docket; and

(6) A separate Judgment will be filed concurrently herewith.

This 21st day of November, 2019.



K:\DATA\ORDERS\Cov2016\16-174 Order Adopting R&R .docx